UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT SHELTON TOOMER                        CIVIL ACTION

VERSUS                                       NUMBER: 09-7446

WARDEN BURL CAIN                             SECTION: "I"(5)


**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This matter, a 28 U.S.C. §2254 application for federal habeas corpus relief filed by counsel on behalf of petitioner, Robert Shelton Toomer, was originally referred to the undersigned magistrate judge for the issuance of a Report and Recommendation pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A).  In accordance with said referral, the undersigned, on July 30, 2010, issued a Report and Recommendation (rec. doc. 8), recommending that Toomer's habeas corpus petition be dismissed with prejudice.

On August 13, 2010, counsel filed on Toomer's behalf Objections (rec. doc. 9), claiming the magistrate judge's Report and Recommendation was in error because: 1) the magistrate judge improperly relied upon the state district court's finding of fact regarding the specifics of a courthouse display; 2) the magistrate

judge erred in finding that Toomer failed to show ineffective assistance of counsel based upon trial counsel's failure to exclude Coley Wilson's statement; 3) the magistrate judge erred in finding that Toomer failed to show ineffective assistance of counsel based upon counsel's failure to have admitted into evidence that portion of Coley Wilson's statement wherein he stated that he had begun "messing" with the victim and in failing to object to the prosecutor's closing argument that there was no evidence that Coley Wilson and the victim were sexually involved; and, 4)the magistrate judge erred in finding that Toomer's claim that counsel refused to allow him to testify did not constitute ineffective assistance of counsel.  On August 17, 2010, the district judge issued an Order (rec. doc. 10) referring Toomer's four objections "to the U.S. Magistrate Judge for a Supplemental Report and Recommendation."

In accordance with the district court's referral, the undersigned magistrate judge issued an Order (rec. doc. 11) directing the State to submit a Reply to Toomer's Objections. Having reviewed Toomer's Objections, along with the State's Reply (rec. doc. 12), it is recommended, for the reasons that follow, that Toomer's Objections be rejected and the instant petition be dismissed with prejudice.

**Objection 1): Improper Reliance on State Court's Factual Finding**

One basis for Toomer's claim that he received ineffective

assistance of counsel was counsel's failure to take action in response to a display in the courthouse which depicted "[a] life-size cutout of a 'missing' woman [which] had the name of the victim in this case (Felicia M. Fox) on a card hung around her neck, with the information that the 'perpetrator' ws [sic] 'Robert Shelton Toomer' and that he was the 'estranged spouse' who had come 'to [the] victim's house and shot her after a recent arrest for aggravated assault of the victim.'" (Rec. doc. 1, p. 6). According to Toomer, as a result of the above-described display, counsel was ineffective in failing to request a continuance of the trial, to seek a change of venue, to move for a mistrial, and/or to question prospective jurors with regard to the display.

The state district court, in connection with Toomer's application for post-conviction relief, rejected the above claim, noting that it was based upon a misstatement of the facts. The state court explained:

> For a short time **months prior to the trial** a poster giving the victim's name and saying she was murdered appeared in the lobby of the courthouse. This poster did not show the face of the victim, and it did not give the Petitioner's name or show his face. There was **no poster at or near the time of trial and no mention of this issue at that time** . . . .

State v. Toomer, No. 02-CR9-85062, p. 4 (22nd JDC. Aug. 21, 2008) (unpublished decision) (emphasis added) (St. rec., vol. 1 of 6).

Based upon the above finding of fact on the part of the state district court, the undersigned magistrate judge concluded:

> Given the fact that the display about which Toomer complains was not located in the courthouse during Toomer's trial, but rather, months before, and there was no reference to the display at trial, the Court finds that the state trial court properly denied Toomer relief in connection with the instant claim. Stated differently, the trial court's determination that counsel was not ineffective due to his failure to request a continuance of trial, seek a change of venue, move for a mistrial, and/or specifically question prospective jurors with respect to the display, does not represent an unreasonable application of <u>Strickland</u> to the facts of this case.

(Rec. doc. 8, p. 16).

Toomer takes issue with the magistrate judge's finding in this regard because it is supported by nothing more than the trial court's finding of fact which is "contradicted by the [factual] recollection of the defendant and his family".  (Rec. doc. 9, p. 1).

28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court **shall be presumed to be correct**.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. [Emphasis added.]

Based upon the above law, it was not, as Toomer suggests, improper for the magistrate judge to presume the state district court's factual finding, regarding the pertinent court display, was

correct.  Further, unsupported assertions by Toomer and his family members to the contrary do not constitute "clear and convincing evidence" sufficient to overcome the presumption of correctness to which the state trial court's finding of fact is entitled. Accordingly, Toomer's objection is without merit.

**Objection 2):  Ineffectiveness Based Upon Admission of Statement**

Toomer next "objects to the magistrate's finding that the failure of defense counsel to object to the admission of Coley Wilson's statement (a statement given by the only non-party eyewitness to the shooting, who died in an unrelated incident prior to trial) did not constitute ineffective assistance of counsel." (Rec. doc. 9, p. 2).  Toomer elaborates:

> The witness gave a statement to the police hours after the shooting, and in response to police questioning.  The trial court admitted the statement as being an exception to the hearsay rule, under a 'present sense impression' exception.  However, this was not an exception in existence at the time of the adoption of the Bill of Rights, as required under <u>Crawford v. Washington</u>.  An objection would have sufficed to keep the statement from being admitted into evidence.

(Rec. doc. 9, p. 2).[1]

The above argument is clearly aimed at showing that counsel was deficient in failing to prevent the admission of Wilson's

---

[1]A review of the trial transcript reflect that Toomer's trial counsel did object to the admission of Wilson's statement, but trial counsel, in support of his objection, failed to present the argument urged by Toomer's present counsel.

statement.    However,  as  a  review  of  the  pertinent  Report  and

Recommendation reflects, this court's finding that Toomer failed to

meet  his  burden  of  proof,  as  established  under  <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 697 (1984), was not based upon a finding

that trial counsel was not deficient.   Instead, the court's finding

was  based  upon  its  determination  that  Toomer  failed  to  satisfy

<u>Strickland's</u> prejudice prong.   Specifically, the court provided:

> [T]here  was  ample  evidence,  even  without  Wilson's
> statement, to support a finding that Toomer murdered the
> victim . . . .   Toomer admitted, when the police arrived
> at his sister's house in response to a 911 call, that he
> entered  the  victim's  residence  using  a  screwdriver,
> followed her into the bathroom and shot her.   Ballistics
> evidence  established  that  the  fatal  wound  came  from
> Toomer's gun.

(Rec.  doc.  8,  pp.  18-19).    Accordingly,  Toomer's  objection  is

without merit.

**Objection 3): Ineffectiveness Based Upon Failure to Have Portion of**
**                 Statement Admitted and Failure to Object to Closing**
**                 Argument**

Toomer argues that the magistrate judge erred in finding that

trial counsel was not ineffective by virtue of his failure to get

into evidence Coley Wilson's statement that he had begun "messing"

with  the  victim  and  his  failure  to  object  to  the  prosecutor's

closing  statement  that  there  was  no  evidence  of  a  sexual

relationship  between  Wilson  and  the  victim.    According  to  Toomer,

the above action or lack of action on counsel's part constituted

ineffectiveness because it "gutted" the availability of a manslaughter defense.

A review of the magistrate judge's Report and Recommendation reflects that in addressing this particular ineffectiveness claim, the court examined defense counsel's closing argument, noting that counsel vigorously argued that Toomer "shot the victim in the heat of blood because he was so upset that his former girlfriend was now involved with Coley Wilson. (St. Rec., vol. 5 of 6, pp. 625-627)." (Rec. doc. 8, p. 19). The court concluded that the fact that the jury rejected Toomer's manslaughter's claim cannot be attributed to ineffectiveness on the part of counsel given the ample evidence supporting a finding of second-degree murder, particularly, the fact that Toomer "had been threatening Fox for several days prior to the fatal shooting" and that Toomer "pried open Fox's trailer door, followed her into a bathroom as she tried to escape his presence, and shot her two times . . . ." (Rec. doc. 8, p. 20).

Based upon the above, the court finds that its original determination that counsel was not unconstitutionally ineffective is correct. Accordingly, Toomer's objection is without merit.

**Objection 4):  Ineffectiveness Based upon Refusal to Allow Toomer to Testify**

In his habeas petition, Toomer argued that counsel was ineffective due to his refusal to allow him to testify at trial.

The undersigned rejected Toomer's argument, taking note of the state district court's finding, on post-conviction, that counsel may not have wanted Toomer to testify because of his prior obscenity conviction and that Toomer had failed to show how his testimony would have changed the outcome of the trial, and determining that the trial court's finding in this regard did not represent an unreasonable application of Strickland to the applicable facts.  (Rec. doc. 8, p. 17).

In his Objections, Toomer asserts that the above determination on the part of the magistrate judge was incorrect, arguing: "Given that the Louisiana Supreme Court . . .  has held that the denial of the right to testify [is] systemic error rather than trial error, there was no need to show in the Louisiana courts that the second prong of Strickland v. Washington was satisfied."  (Rec. doc. 9, p. 3).  Because there was no need to show in the Louisiana courts that the second prong of Strickland was satisfied, Toomer asserts that he "cannot be faulted for his failure to make such a showing in state court" and should be provided with an opportunity, via an evidentiary hearing, to show that his testimony would have made a difference, that it "would have resulted in the jury understanding that a normal person, in such circumstances, might well have lost his cool and calm composure and acted in the heat of the moment." (Rec. doc. 9, pp. 3-4).

Toomer cites no case law supporting the above argument and this court's research reflects the opposite to be true.  In the context of a §2254 petitioner's claim that he was unconstitutionally denied his right to testify, courts have emphasized the need to impose a heavy burden of proof upon such petitioners rather than a diminished burden.  As the court explained in <u>Underwood v. Clark</u>, 939 F.2d 473, 475-476 (7th Cir. 1991):

> There is grave practical difficulty in establishing a mechanism that will protect a criminal defendant's personal right (that is, a right not waivable by counsel) to testify on his own behalf without rendering the criminal process unworkable.  It is extremely common for criminal defendants not to testify, and there are good reasons for this, as we have seen. Yet it is simple enough after being convicted for the defendant to say, "My lawyer wouldn't let me testify. Therefore I'm entitled to a new trial."
>
> * * * *
>
> We agree with the First Circuit's ruling in <u>Siciliano v. Vose</u>, 834 F.2d 29, 31 (1st Cir. 1987), that this barebones assertion by a defendant . . . is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him.  It just is too facile a tactic to be allowed to succeed.  Some greater particularity is necessary-and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify-to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

Based upon the above, this court finds that its original determination, that a showing of prejudice is required and Toomer's failure to make such a showing warrants dismissal of the instant

habeas claim, is correct.   Toomer's objection to the court's finding in this regard is without merit.   Accordingly;

### RECOMMENDATION

It is hereby **RECOMMENDED** that the Objections (rec. doc. 9), filed on August 13, 2010, be rejected, that the Report and Recommendation (rec. doc. 8), issued on July 30, 2010, be adopted, and, that the instant application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 18th day of     October     , 2010.

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE