UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT TOOMER, JR.                                    CIVIL ACTION

VERSUS                                                         NO. 09-7446

WARDEN BURL CAIN                                    SECTION "I" (5)

<u>**TRANSFER ORDER**</u>

Petitioner, Robert Toomer, Jr., has filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1]  In his Rule 60(b) motion, petitioner seeks relief from the judgment denying habeas relief based on "mistake or inadvertence."  Fed. R. Civ. P. 60(b)(1).

In November 2009, Toomer challenged his state court conviction and life sentence for second degree murder in a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In that petition, he asserted that he received ineffective assistance of counsel, and offered four grounds in support: (1) counsel failed to request a continuance of trial, seek a change of venue, move for a mistrial, or question prospective jurors with respect to a display in the courthouse; (2) counsel refused to allow petitioner to testify at trial; (3) counsel allowed the statement of Coley Wilson, who died prior to trial, to be admitted into evidence and failed to impeach Wilson's statement by introducing evidence of Wilson's prior convictions; and (4) counsel failed to object to the

---

[1] Rec. Doc. No. 29.

prosecutor's statement during closing argument that there was no evidence to suggest that the victim and Coley Wilson were anything but friends, which was contrary to Wilson's statement.  Upon careful consideration of these claims, the magistrate judge recommended dismissal of the petition.[2]

Petitioner subsequently asserted four objections to the magistrate judge's review on the merits of his ineffective assistance claims: (1) the magistrate judge improperly relied upon the state district court's finding of fact regarding the specifics of a courthouse display; (2) the magistrate judge erred in finding that petitioner failed to show ineffective assistance of counsel based upon trial counsel's failure to exclude Coley Wilson's statement; (3) the magistrate judge erred in finding that petitioner failed to show ineffective assistance of counsel based upon counsel's failure to have admitted into evidence that portion of Coley Wilson's statement wherein he stated that he had begun "messing" with the victim and in failing to object to the prosecutor's closing argument that there was no evidence that Coley Wilson and the victim were sexually involved; and (4) the magistrate judge erred in finding that petitioner's claim that counsel refused to allow him to testify did not constitute ineffective assistance of counsel.  The court fully considered and subsequently rejected these arguments.[3]  The district court dismissed his petition on the merits by Judgment entered on November 15, 2010.[4]  Petitioner appealed the judgment.  The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability.[5]

---

[2]  *See* Report and Recommendation of July 10, 2010, Rec. Doc. No. 8.

[3]  *See* Supplemental Report and Recommendation of October 18, 2010, Rec. Doc. No. 13.

[4]  *See* Judgment, Rec. Doc. No. 18.

[5]  *See* Fifth Circuit Court of Appeals Order of September 14, 2011, Rec. Doc. No. 27.

In his Rule 60(b) motion for relief, Toomer claims there were several "mistakes" in the court's final judgment.  He asserts the district court was mistaken in denying his ineffective assistance claim involving the admission of Coley Wilson's statement.  Specifically, petitioner argues:

> That the record clearly shows that this court's final judgment in regards to the admission of Coley Wilson's statements at petitioner's trial said statement made to police hours after the shooting, said "Coley Wilson," (being deceased before trial) whom statements petitioner never had a chance to cross-examine clearly ignored and clearly did not heed to La. law nor the United States Supreme Court ruling that was handed down in Crawford v. Washington, "structural defect," "without a show of prejudice" decision and rather "mistakenly" denied and dismissed petitioner's writ of habeas corpus pursuant to Strickland v. Washington 2 prong prejudicial test, which the prejudicial prongs of Washington, supra is inapplicable to the denial of right to confront as were clearly stated in Crawford, supra.[6]

He also asserts the district court was mistaken in denying his ineffective assistance of counsel claim with regard to the poster displayed in the courthouse lobby, because the poster "did indeed give the petitioner's name being contrary to the mistaken findings of the magistrate judge report & recommendations."[7]

A Rule 60(b) motion is a second or successive habeas petition when it "seeks to add a new ground for relief" or it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  In contrast, a Rule 60(b) motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," is not a successive habeas petition.  Id.

Petitioner's motion, although characterized as arising under Fed. R. Civ. P. 60(b), is in substance a 28 U.S.C. § 2254 claim.  Petitioner is attacking the substance of this court's resolution

---

[6]  *See* Motion for Relief from Judgment, p. 2, Rec. Doc. No. 29.

[7]  *See* Motion for Relief from Judgment, p. 4, Rec. Doc. No. 29.

of a previous habeas claim on the merits.  See Gonzalez, 545 U.S. at 532.  In denying Toomer's habeas petition, the court considered all of the issues raised regarding the admission of Wilson's statement and the courthouse display and ,after careful review, rejected each of them.  In this case, petitioner's Rule 60(b) motion is a collateral attack on his conviction and therefore is the functional equivalent of a second and successive § 2254 petition and is considered to be such as described by 28 U.S.C. § 2244.

In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)    the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that Robert Toomer, Jr.'s Motion to Set Aside Judgment is construed as a second or successive § 2254 petition in part seeking authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, September 25, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**